```
_____ FILED           _____ RECEIVED
_____ ENTERED         _____ SERVED ON
                      COUNSEL/PARTIES OF RECORD

            MAY 1 1 2012

         CLERK US DISTRICT COURT
           DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

THOMAS BRANAGAN,

    *Petitioner*,

vs.

STATE OF NEVADA,

    *Respondent*.

3:12-cv-00113-RCJ-VPC

ORDER

Petitioner has submitted an application (#1) to proceed *in forma pauperis* for a habeas action and a motion for appointment of counsel without also submitting a habeas petition. On the application to proceed *in forma pauperis*, the court finds that petitioner is unable to pay the $5.00 filing fee from currently available funds in his inmate account. The application therefore will be granted.

The papers submitted otherwise are subject to substantial defects.

First, the Court does not have jurisdiction over proceedings brought against the sole respondent named in the application, the State of Nevada. Petitioner may not sue the State in federal court. State sovereign immunity under the Eleventh Amendment bars suit in federal court against a State regardless of the relief sought. *See, e.g., Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100-01, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984).

Second, petitioner failed to submit a petition. The Court has reviewed its records, and it does not appear that petitioner has filed a petition or other proceeding separately in another action without a pauper application. The papers submitted present no claims.

1    Petitioner perhaps seeks the appointment of counsel to prepare a petition, although
2 the form counsel motion merely recites conclusory formulaic legal allegations regarding
3 appointment of counsel. In a federal habeas action, a petitioner has no constitutional right
4 to counsel. See,e.g., Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.1986). Noncapital
5 habeas petitions ordinarily are prepared and filed by petitioners proceeding pro se. The Court
6 generally does not appoint counsel for petitioners to file a petition merely because a petitioner
7 is a layman, and neither the Court nor the Clerk may provide legal advice to a litigant as to
8 how to proceed. The Court otherwise does not find, on the showing made, that the interests
9 of justice require the appointment of counsel under 18 U.S.C. § 3006A(a)(2)(B) or that
10 appointment of counsel is necessary to avoid a due process violation.

11    Accordingly, the action will be dismissed without prejudice. The present dismissal, in
12 and of itself, is without prejudice to the filing of a new action. However, nothing in the present
13 dismissal precludes the dismissal of a later-filed action on the basis of, if applicable,
14 untimeliness, lack of exhaustion, procedural default, or any other basis.

15    IT THEREFORE IS ORDERED that the application (#1) to proceed in forma pauperis
16 is GRANTED such that petitioner will not be required to pay the $5.00 filing fee.

17    IT FURTHER IS ORDERED that the Clerk shall file the accompanying motion for
18 appointment of counsel, that said motion is DENIED, and that the Clerk shall reflect that the
19 motion is denied by this order.

20    IT FURTHER IS ORDERED that this action shall be DISMISSED without prejudice to
21 the filing, in a new action, of a petition on the required form together with a new and properly
22 completed application to proceed in forma pauperis with all required attachments.

23    The Clerk shall send petitioner two copies of an application form to proceed in forma
24 pauperis for incarcerated persons, two copies of a noncapital Section 2254 petition form, the
25 instructions for both forms, and a copy of the papers that he submitted.

26    / / / /
27    / / / /
28    / / / /

1        The Clerk shall enter final judgment accordingly, dismissing this action without
2 prejudice.
3        DATED: This 11th day of May, 2012.

                                            ROBERT C. JONES
                                            Chief United States District Judge